**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0456n.06

No. 09-4579

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 06, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **RYAN COFER**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    SILER, COLE, and KETHLEDGE, Circuit Judges.

**COLE, Circuit Judge**.   After unsuccessfully challenging the legality of a search that uncovered child pornography on several computer disks in his residence, Ryan Cofer pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Because Cofer had a prior conviction under § 2252, the district court imposed a ten-year statutory minimum sentence of incarceration.  *See* 18 U.S.C. § 2252(b)(2).  Cofer now appeals, contending the search of his residence violated the Fourth Amendment to the United States Constitution, and the imposition of a ten-year statutory minimum sentence violated his Sixth Amendment rights as elaborated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny.

We cannot reach the first challenge because Cofer waived the right to contest the legality of the search by not preserving that right in the plea agreement.  *See United States v. Young*, 580 F.3d 373, 376 (6th Cir. 2009) ("[A] guilty-pleading defendant may not appeal an adverse pre-plea ruling

on a motion to suppress evidence unless he has preserved the right to do so in a written plea agreement under Criminal Rule 11(a)(2).").

The remaining claim is meritless. Section 2252(b)(2) requires the district court to impose a minimum sentence of ten years' incarceration where a defendant previously committed a qualifying prior conviction, *see* 18 U.S.C. § 2252(b)(2), and *Apprendi* explicitly permits a district court to find such a fact and rely on it to increase a defendant's punishment. *See Apprendi*, 530 U.S. at 490.

We **AFFIRM** Cofer's sentence.